UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JAMES C. SWAFFORD, ) | |
| and LENA SWAFFORD ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:10-CV-54 |
| ) | |
| v. ) | Chief Judge Curtis L. Collier |
| ) | |
| GABRIEL E. KEEN, ) | |
| ) | |
| Defendant. ) | |

## **M E M O R A N D U M**

Before the Court is a motion to dismiss for lack of subject matter jurisdiction, filed by Defendant Gabriel E. Keen ("Defendant") and supporting memorandum (Court File No. 4, 5). Plaintiffs James C. Swafford and Lena Swafford ("Plaintiffs") responded to the motion to dismiss (Court File No. 9), to which Defendant replied (Court File No. 10). In addition, Plaintiffs filed a motion to amend their complaint (Court File No. 6) and supporting memorandum (Court File No.7). Defendant filed a response in opposition to this motion (Court File No. 8). For the reasons discussed below, the Court will **DENY** Defendant's motion to dismiss (Court File No. 4) and will **GRANT** Plaintiffs' motion to amend the complaint (Court File No. 6). In addition, the Court will **STRIKE** the jury demand.

### I. **RELEVANT FACTS**

This lawsuit arises out of a boat collision on the Tennessee river. Plaintiffs are seeking

damages from injuries and loss of consortium as a result of the accident.

According to the complaint, on or about July 24, 2009, Plaintiff James C. Swafford, was fishing in the Tennessee River. Plaintiff was a passenger on a 20-foot Lowe pontoon boat. At the same time and place, Defendant Gabriel E. Keen was operating a 20-foot Norris Craft bass boat. While under the control and management of Defendant the Norris Craft boat violently collided with the Lowe pontoon boat upon which Plaintiff James Swafford, was a passenger, causing injuries (Court File No. 1). Plaintiffs are residents of Rhea County, Tennessee, and Defendant is believed to be a resident and citizen of Rhea County, Tennessee, as well.

## II.  DISCUSSION

Defendant moves to dismiss Plaintiffs' complaint due to lack of subject matter jurisdiction. Plaintiffs' subsequently filed a motion to amend their complaint to plead jurisdiction under federal admiralty law, if the Court did not find jurisdiction as originally pleaded. Defendant contends if Plaintiffs' motion to amend is granted, the demand for a jury trial should be stricken. The Court will address each of these motions in turn.

### A.  Motion to Dismiss

Defendant moves to dismiss this suit due to a lack of subject matter jurisdiction (Court File No. 4). The parties dispute the proper interpretation of the "saving to suitors" clause found at 28 U.S.C. § 1333(1). Plaintiffs contend no independent basis for jurisdiction is needed for claims on the "law side" of federal court pursuant to the "saving to suitors" clause (Court File No. 9), whereas Defendant argues independent subject matter jurisdiction must exist for the Court to hear maritime claims on the "law side."

Although the Judiciary Act of 1789 granted the federal trial courts "original exclusive

cognizance of all civil causes of admiralty and maritime jurisdiction," it also reserved to "suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3672, at 301 (3d ed. 1998). The term "suitors" is synonymous, with "plaintiff." The saving clause applies only to in personam actions. The United States Supreme Court held the "saving" clause gives state courts the ability to adjudicate maritime causes of action in proceedings 'in personam,' that is where the defendant is a person, not a ship or some other instrument of navigation." *In re Chimenti*, 79 F.3d 534 (6th Cir. 1996) (quoting *Madruga v. Superior Court of California*, 346 U.S. 556, 560-61 (1954)).

The "saving to suitors" clause gives an in personam plaintiff "the choice of proceeding in an ordinary civil action, rather than bringing a libel in admiralty." 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3672, at 301 (3d ed. 1998). A plaintiff has two jurisdictional options:

> First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court's general admiralty jurisdiction. Second, by virtue of the "saving clause," plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied.

*In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996) (quoting 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3672, at 303-10).

Although federal law may govern claims filed on the admiralty side of the Court, this does not create federal question jurisdiction for a plaintiff. The United States Supreme Court held "general maritime law claims do not fall under Congress's grant of federal question

jurisdiction in 28 U.S.C. § 1331." *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959). The "entire purpose of the saving clause was to give claimants pursuing a common-law remedy the ability to choose their forum." *In re Chimenti*, 79 F.3d at 538. Plaintiffs may bring their action in federal court based on original jurisdiction, which is called the "admiralty side," or their claims may be brought in state or federal courts on the "law side" according to the "saving to suitors" clause. However to bring a claim on the "law side" of federal court, there must exist "an independent basis" of jurisdiction "such as diversity of the parties." *In re Chimenti*, 79 F.3d 534, 537-38 (6th Cir. 1996).

In the present case, Plaintiffs argue maritime claims may be filed on the "law side" even without diversity jurisdiction (Court File No. 9). Plaintiffs assert federal courts have concurrent jurisdiction with state courts over "in personam" maritime claims and therefore they may bring their claim in state or federal court on the "law side" (Court File No. 9). However, this is correct only to the extent there exists an independent basis for the Court's jurisdiction of the claims. *In re Chimenti*, 79 F.3d 534, at 537. Here, Plaintiffs have not alleged Defendant is domiciled in a state other than Plaintiffs' to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, Plaintiffs' only federal law claims are maritime tort claims, which do not give rise to subject matter jurisdiction under federal question. *See Romero*, 358 U.S. 354.

Based on the established law, the Plaintiff's original complaint does not state proper grounds for this Court's jurisdiction over the claims.

**B.     Motion to Amend**

Plaintiffs seek to amend their complaint to invoke the Court's original jurisdiction under

federal admiralty law (Court File No. 6). Since the Court determined subject matter jurisdiction did not exist based on the original complaint, Defendant opposes the motion.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading prior to the filing of any required responsive pleading. When a party wishes to amend its pleading after a responsive pleading has been filed, it must seek leave of the Court. Fed. R. Civ. P. 15(a). Normally such leave to amend is freely given. *Id*. Even though leave is to be freely given, it is still within the discretion of the Court to grant such permission. *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993). In deciding whether to permit an amendment, the Court considers:

> Undue delay in filing of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citations omitted). A motion to amend should be denied if brought in bad faith or for dilatory purposes, if it results in undue delay or prejudice, or if it would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The Advisory Committee comments to FRCP 9, provide:

> The choice made by pleader in identifying or failing to identify his claim as admiralty or maritime claim is not an irrevocable election. The Rule provides that the amendment of a pleading to add or withdraw an identifying statement is subject to the principles of Rule 15.

Fed. R. Civ. Pro. 9(h) (advisory committee's note 1966).

Plaintiffs' proposed amendment does not create prejudice or undue delay, nor does it

appear to be done in bad faith. The motion was filed in response to Defendant's motion to dismiss. In addition, the case is still in its initial stages and the proposed amendment does not create further delay. Defendant's only objection to Plaintiffs' amended complaint is the inclusion of the jury demand (Court File No. 10).

As Defendant noted in his reply, if the Court finds proper subject matter jurisdiction on the "admiralty side," then Plaintiffs do not have a right to a jury trial (Court File No. 9). Since the Court will grant Plaintiffs' motion to amend the complaint, it will address the Plaintiffs' right to a jury under the amended complaint.

When claims which can be characterized as either admiralty or common law claims are raised, a party's right to a jury trial becomes a complex question. *Concordia Co., Inc. v. Panek*, 115 F.3d 67, 70-71 (1st Cir. 1997). This Court has stated:

> Generally, there is no right under the United States Constitution to a jury trial in admiralty cases. The Seventh Amendment right to trial by jury for common law claims does not extend to and govern civil actions which are predicated solely upon admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). The Seventh Amendment preserves the right to jury trial as it existed at common law when the United States Constitution was adopted. There was no common law right to jury trial in admiralty cases. This is reflected in Fed. R. Civ. P. 38(e) which provides that the Federal Rules of Civil Procedure shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

*Vanderpool v. Edmondson*, No. 1:01-CV-147, 2004 WL 1873720, at *2 (E.D. Tenn. January 5, 2004) (citing *Fitzgerald v. United States Lines*, Co., 374 U.S. 16, 19 (1963)). The United States Congress has created statutory rights to jury trials for certain admiralty claims. *See, e.g.*, 28 U.S.C. § 1873, Great Lakes Act; 46 U.S.C.App. § 688, Jones Act; *see also Concordia*, 115 F.3d

at 70; *Craig*, 19 F.3d at 475-76 (Jones Act). However, no federal statutes applicable to Plaintiffs' claims in the present case create a right to jury trial. Plaintiffs do not have a right under any federal statute to a jury trial on their claims brought pursuant to this Court's admiralty jurisdiction.

In the present case, the Court concludes Plaintiffs do not have a constitutional right under the Seventh Amendment to a jury trial on their admiralty claims, which have been brought invoking this Court's jurisdiction under 28 U.S.C. § 1333(1). The Court therefore will strike Plaintiffs' jury demand in the amended complaint.

## IV. CONCLUSION

The Court will **GRANT** Plaintiffs' motion to amend complaint, but will **STRIKE** the jury demand. Defendant's motion to dismiss will be **DENIED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**